**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**


SUPREME KING JUSTICE ALLAH, #1140210,
*formerly known as* Albert Curtis Williams,

        Petitioner,

v.                                                         ACTION NO.   2:14cv489


HAROLD W. CLARKE,

        Respondent.


**UNITED STATES MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION**

      This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254.   The

matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of

28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern

District of Virginia.

**I. Statement of the Case**

      Petitioner Supreme King Justice Allah ("Allah"), formerly known as Albert Curtis

Williams, was convicted in the Circuit Court for the City of Portsmouth on April 18, 1984, of use of

a firearm during the commission of a murder and use of a firearm during the commission of an

attempted burglary.   Allah was sentenced to six years in the penitentiary for the firearm offenses,

and thirty years for murder and attempted robbery.   He is presently serving his term of

imprisonment in St. Bride's Correctional Center in Chesapeake, Virginia.

      Allah's direct appeal to the Supreme Court of Virginia was refused on October 19, 1984.

*Williams v. Commonwealth*, Record No. 841058 (Va. Oct. 19, 1984).   Allah next filed a petition

for writ of habeas corpus in this Court, which was denied on May 19, 1986.   *Williams v. Sielaff*,

Civil Action No. 85-721-N (E.D. Va. May 19, 1986), ECF No. 10-1.

On February 8, 1998, Allah filed a petition for writ of habeas corpus with the Circuit Court

for the City of Portsmouth, which was denied on March 19, 1998.   *Williams v. Angelone*, Case No.

L98-168 (Va. Cir. Ct. Mar. 19, 1998).   The Supreme Court of Virginia dismissed Allah's petition

for appeal of that decision on August 3, 1998, because the petition for appeal did not contain

assignments of error as required by Supreme Court of Virginia Rule 5:17(c).   *Williams v.*

*Angelone*, No. 980991 (Va. Aug. 3, 1998).   The Supreme Court of Virginia denied Allah's petition

for rehearing on September 18, 1998.   The United States Court of Appeals for the Fourth Circuit

denied Allah leave to file a successive federal habeas petition on October 21, 1998.   *In re Williams*,

No. 98-650 (4th Cir. Oct. 21, 1998); ECF No. 10-2.

Allah filed a petition for writ of habeas corpus in the Circuit Court for the City of

Portsmouth, which was dismissed on January 8, 2014.   Pet. 16; ECF No. 1.   The Supreme Court

of Virginia refused the appeal of the dismissal on August 14, 2014.   *Allah v. Clarke*, No. 140502

(Va. Aug. 14, 2014); ECF No. 3.

Allah filed the present petition on October 2, 2014.   ECF No. 1.   Respondent filed a Rule 5

Answer and Motion to Dismiss on December 15, 2014.   ECF Nos. 8, 9.   Allah filed a response to

the Motion to Dismiss on February 13, 2015.   ECF No. 15.   Accordingly, this matter is ripe for

adjudication.

Allah asserts he is entitled to relief under 28 U.S.C. § 2254 because he was denied effective

assistance of counsel based on the Supreme Court of Virginia's holding in *Brown v.*

*Commonwealth*, 733 S.E.2d 638 (Va. 2012).

## II.   Findings of Fact and Conclusions of Law

### A.   Successive Petition

Allah has previously filed a petition for writ of habeas corpus in this court asserting he was denied certain constitutional rights during his trial, and the petition was denied on May 19, 1986. *Williams v. Sielaff*, Civil Action No. 85-721-N (E.D. Va. May 19, 1986).[1]   Therefore, the current petition is a successive petition pursuant to 28 U.S.C. § 2244(a).   As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244 provides:

> (a)   No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.[2]
>
> (b)(1)   A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2)   A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>> (ii)   the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the

---

[1] Allah has also filed a petition in this Court asserting he was denied constitutional rights during parole proceedings.   *Allah v. Clarke*, No. 2:11cv576 (Jan. 9, 2013).

[2] Section 2255 addresses motions to attack a federal sentence as unconstitutional, and does not apply to Allah.

underlying offense.

(3)(A) Before a second or successive application permitted by this section is file in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

After Allah's first petition for writ of habeas corpus to this Court was denied on May 19, 1986, his request for permission to file a second or successive federal petition was denied by the United States Court of Appeals for the Fourth Circuit on October 21, 1998.   Allah asserts that he should not be required to seek leave to file the present federal petition because he filed the petition within one year of *Brown v. Commonwealth*, 733 S.E.2d 638 (Va. 2012), the decision by the Supreme Court of Virginia on which his case relies.   Resp. Br. at 3, ECF No. 15.   However, even if Allah's petition met the narrow conditions outlined in 28 U.S.C. § 2244 for permissible successive petitions, authorization for filing the successive petition must first be granted by the Fourth Circuit.   28 U.S.C. § 2244(b)(3)(A).   Allah's present petition is a successive petition filed in this Court without prior authorization from the Fourth Circuit in violation of 28 U.S.C. (b)(3)(A), and must be dismissed.

**B.   Time-Barred**

In addition, even if Allah had received authorization from the Fourth Circuit to file the successive petition, the petition would be barred by the federal statute of limitations.   The statute of limitations for actions under 28 U.S.C. § 2254 is provided in the AEDPA, 28 U.S.C. § 2244(d):

(1)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of--

4

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2012).   Since Allah's state conviction became final in 1984, prior to the enactment of the AEDPA, the federal statute of limitations for Allah's petition expired one year following April 24, 1996, the effective date of the act.   *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998).   Clearly, the current petition, filed in October 2014, was filed outside the one-year limitations period.

Allah asserts the limitations period should be calculated pursuant to 28 U.S.C. § 2244(d)(1)(D), the date on which the factual predicate of the claim could have been discovered. Allah's petition is not based on new facts, rather it is based on new law.  Allah's petition is predicated on the Supreme Court of Virginia's decision in *Brown v. Commonwealth*, 733 S.E.2d 638, which was decided on November 1, 2012.   However, only the United States Supreme Court can recognized a new constitutional right, a "new rule," for purposes of 28 U.S.C. § 2244(d)(1)(C).

5

*See United States v. Thomas*, 627 F.3d 534, 536 (4th Cir. 2010) (holding lower federal courts can determine retroactivity of a new rule recognized by the United States Supreme Court). Since a ruling by the Supreme Court of Virginia cannot serve as the basis for a new federal limitations period, the holding in *Brown* did not reset the federal limitations period for Allah's petition. Accordingly, even if Allah had received authorization from the Fourth Circuit to file a successive petition, the petition would have been barred by the federal statute of limitations.

### III. <u>Recommendation</u>

For the foregoing reasons, the Court recommends Respondent's motion to dismiss (ECF No. 8) be GRANTED, and the petition for writ of habeas corpus (ECF No. 1) be DISMISSED.

### IV. <u>Review Procedure</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this

court based on such findings and recommendations.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
_____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
March 24, 2015

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the

following:


Supreme King Justice Allah, #1140210
St. Bride's Correctional Center
701 Sanderson Road
Chesapeake, VA 23328


Michael T. Judge, Esq.
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219


Fernando Galindo, Clerk

By _____
     Clerk of the Court

March 24 , 2015

8